**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TADAJAH COLEMAN,
*on behalf of herself and the Class,*

    Plaintiffs,

v.

COMEY FAMILY AFFAIR D/B/A RACHEL COMEY, and
JULIE DISCOURS-RABIN,

    Defendants.

---

Case No.: 24-cv-8576

**CLASS COMPLAINT**

Plaintiff, TADAJAH COLEMAN ("Plaintiff"), on behalf of herself and others similarly situated, alleges that she and others similarly situated were deprived of their statutory rights as a result of Defendants' discriminatory practices, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended ("Title VII"), New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and and New York City Human Rights Law, Administrative Code of the City of New York § 8-502 ("NYCHRL") and bring this action against Defendants Defendants, COMEY FAMILY AFFAIR d/b/a RACHEL COMEY, ("Corporate Defendant") and JULIE DISCOURS-RABIN ("Individual Defendant" and, together with corporate Defendant, "Defendants"), and states as follows: for (1) an injunction ordering Defendants to cease its discriminatory practices as described herein; (2) back and front pay; (3) compensatory damages; (4) punitive damages; and (5) attorneys' and expert fees and costs.

1

## PARTIES

1. Plaintiff TADAJAH COLEMAN is a black woman who is a resident of Queens County, New York.

2. Corporate Defendant COMEY FAMILY AFFAIR d/b/a RACHEL COMEY, is a corporation organized under the laws of the State of New York, with a headquarters at 636 Broadway, New York, NY 10012.

3. Individual Defendant JULIE DISCOURS-RABIN is the President of Corporate Defendant. As President, Defendant DISCOURS-RABIN has control over the terms and conditions of Plaintiff's employment, and those of similarly situated employees. Defendant DISCOURS-RABIN exercised functional control over the business and financial operations of the Corporate Defendants.

4. At all relevant times, the Corporate Defendants were and continue to be "enterprises engaged in commerce" within the meaning of all applicable regulations.

5. At all relevant times, Defendants were an employer that employs four (4) or more "employees" within the meaning of the NYSHRL and NYCHRL.

6. At all relevant times, the work performed by Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## JURISDICTION AND VENUE

7. Defendants are subject to personal jurisdiction in this judicial district. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1343,

8. and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS

10. Plaintiff has exhausted her administrative remedies and complied with all statutory prerequisites to her Title VII claims.

11. On August 27, 2024, Plaintiff COLEMAN filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), within the required 300 days of the last discriminatory event. On September 16, 2024, the EEOC issued Plaintiff COLEMAN the Notice of Right to Sue, dated August 27, 2024 and attached hereto as EXHIBIT A. This action is filed within the required 90 days of the receipt of said Notice.

## RULE 23 CLASS ALLEGATIONS

12. Plaintiff COLEMAN brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all similarly situated employees of Defendants on or after the date that is three years before the filing of the Complaint in this case defined herein (the "Class Period").

13. All said persons, including Plaintiff, are referred to herein as the "Class" or "Class Members". The Class Members are readily ascertainable. The number and identity of the

Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

14. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, as the facts on which the calculation of that exact number are based are presently within the sole control of Defendants, Plaintiff believes that there are approximately twenty (20) members of the Class.

15. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of creating a hostile work environment due to discriminatory policies. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

16. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent, with experience in both class action litigation and employment litigation, and previous representation of Plaintiffs in discrimination cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will permit a large number of similarly situated

persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions would require. Because losses, injuries, and damages suffered by the individual Class Members are small in the sense pertinent to a class action analysis, the expense and burden of individual litigation would make it onerous for individual Class Members to redress the wrongs done to them. However, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources, while treating the claims as a class action would result in significant savings of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in an impairment of Class Members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

18. Defendants and other employers throughout the United States violate discrimination laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common the Class with predominate over any questions affecting only individual Class Members, including whether Defendants employed Plaintiff and Class Members within the meaning of Federal and State Laws and whether Defendants engaged in discriminatory practices, including creating a hostile and discriminatory environment against members of the Class.

## STATEMENT OF FACTS

20. On or about April 15, 2024, Defendants hired Plaintiff TADAJAH COLEMAN to work as a Digital Marketing Specialist at their offices located at 636 Broadway, New York, NY 10012.

21. Plaintiff COLEMAN and members of the Class were subjected to a hostile work environment due to discrimination.

22. Throughout her employment with Defendants, Plaintiff COLEMAN was consistently criticized for behavior that non-Black employees did without consequence.

23. For example, though not the only example, Plaintiff COLEMAN was immediately pressured by her managers to make an instant top-line impact. Other, similarly situated non-Black employees did not receive this same pressure.

24. As another example, though not the only example, non-Black employees refused to communicate necessary information, except to other non-Black employees. This made it difficult, if not impossible, for Plaintiff COLEMAN to perform her job effectively.

25. As another example, though not the only example, Plaintiff COLEMAN was given needlessly complicated standards for her work from home and PTO policy, then

criticized when she failed to meet these standards. Other, non-Black employees were allowed a simpler procedure, and were not criticized.

26. As another example, though not the only example, the warehouse area was staffed by mostly Black employees. Non-Black employees would frequently and openly discuss their opinion that Black employees were "lazy" in earshot of Plaintiff COLEMAN.

27. This racial hostility persisted against Plaintiff COLEMAN in spite of the fact that her work was exemplary by any objective measure.

28. On or about May 7, 2024, Plaintiff COLEMAN reported this racial discrimination to Anya Vaughn-Wood, who had a leadership role in HR. That same week, Plaintiff COLEMAN expressed these same concerns to Roxanne Paschall, Plainitff's immediate supervisor. Nothing was done to address these issues.

29. On or about May 16, 2024, Plaintiff COLEMAN reported the racial discrimination to Defendant JULIE DISCOURS-RABIN. When no actions were taken to address the racial discrimination within the company, Plaintiff COLEMAN followed up with Roxanne and Julie throughout June and July.

30. On July 23, 2024, Plaintiff COLEMAN's employment was terminated as a direct response to her complaints of racial discrimination.

31. Due to the hostile environment and retaliation, Plaintiff has suffered both mentally and physically.

32. Additionally, Plaintiff has suffered financial losses which continue to accrue. Between the termination of her employment and the end of September, Plaintiff has documented applications to no less than fifty (50) comparable jobs.

33. Plaintiff retained Igbokwe PLLC to represent Plaintiff and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

34. Plaintiff realleges all prior paragraphs of this Complaint as if fully set forth herein.

35. Defendants violated Plaintiff and Class Members' federally protected rights under Title VII by subjecting Plaintiff and Class Members to a hostile work environment due to their race.

36. Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff and Class Members' protected rights under Title VII.

37. Plaintiff COLEMAN obtained a "Notice of Right to Sue" from the US Equal Employment Opportunity Commission on September 16, 2024.

38. As a result of Defendants' unlawful employment practice, Plaintiff and Class Members sustained emotional and physical distress, as well as economic damages.

39. Due to Defendants' violation under Title VII of the Civil Rights Act of 1964, based on discrimination on the basis of race, Plaintiff and Class Members are entitled to recover from Defendants back pay, front pay, compensatory damages, punitive damages, attorneys' and expert fees and costs, and requests an injunction ordering Defendants to cease its discriminatory practices.

### COUNT II

**VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW**

40. Plaintiff realleges all paragraphs above as if fully set forth herein.

41. Plaintiff COLEMAN and Class Members are employees and qualified persons within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

42. Defendants violated Plaintiff COLEMAN and Class Member's statutorily protected rights under the NYSHRL, New York Executive Law § 296, by subjecting Plaintiff and Class Members to a hostile work environment due to discrimination on the basis of race.

43. Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff and Class Member's protected rights under the NYSHRL.

44. As a result of Defendants' unlawful employment practices as set forth above, Plaintiff COLEMAN and Class Member sustained injuries, including economic damages, past and future physical and emotional distress, and the costs of bringing this action.

45. Due to Defendants' violation under the NYSHRL due to discrimination, Plaintiff COLEMAN and Class Members are entitled to recover from Defendants: (1) an injunction ordering Defendant to cease its discriminatory practices as described herein; (2) back pay; (3) front pay; (4) compensatory damages; and (5) punitive damages.

## COUNT III

**VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW**

46. Plaintiff realleges all paragraphs above as if fully set forth herein.

47. Plaintiff COLEMAN and Class Members are employees and qualified persons within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

48. Defendants violated Plaintiff COLEMAN and Class Members' statutorily protected rights under the NYCHRL, Administrative Code of the City of New York § 8-107, by subjecting

49. Plaintiff COLEMAN and Class Members to a hostile work environment due to discrimination on the basis of race.

50. Defendants' conduct was intentional, malicious, willful or in reckless disregard of Plaintiff COLEMAN and Class Member's protected rights under the NYCHRL.

51. As a result of Defendants' unlawful employment practices as set forth above, Plaintiff COLEMAN and Class Members sustained injury, including economic damages, past and future physical and emotional distress, and the costs of bringing this action.

52. Defendants' retaliation as set forth above was a further violation of Plaintiff's protected rights.

53. Due to Defendants' violation under the NYCHRL due to discrimination and retaliation, Plaintiff COLEMAN and Cass Members are entitled to recover from Defendants: (1) compensatory damages; (2) punitive damages; and (3) attorneys' fees and costs.

WHEREFORE, Plaintiff, on behalf of herself and Class Members, respectfully requests that this Court grant the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under TITLE VII, the NYSHRL, and NYCHRL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An order awarding relief for Defendants' discriminatory conduct, including but not limited to back pay, front pay, as well as liquidated, compensatory, and punitive damages;

d. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

e. Designation of this action as a class action pursuant to F.R.C.P. 23;

f. Designation of Plaintiff COLEMAN as Representative of the Class; and

g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 12, 2024                                  Respectfully Submitted,

By: _/s/ Daniel Needham_____

Daniel Needham, Esq. (DN 8648)
Law Office of William Igbokwe
28 Liberty Street, 6th Floor
New York, NY 10005
Phone: (347) 467-4674
Fax: (347) 467-6367